UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JESSIE R WILLIAMS #143236         CIVIL ACTION NO. 18-cv-731 SEC P

VERSUS         JUDGE DOUGHTY

JAMES M LEBLANC, ET AL         MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Jessie R. Williams ("Plaintiff") is a self-represented inmate who alleges that the State did not properly calculate one of his sentences. He alleges that the State set his release date for January 2019 when it should have been July 29, 2018. It appears that Plaintiff remains in custody because of additional criminal activity.

Before the court is a Motion for Summary Judgment (Doc. 45) by the two named defendants: (1) DOC Secretary James LeBlanc and (2) Cecilia Lawrence, who Plaintiff alleges is employed in a classifications job and played a role in the calculation of his sentence. The defendants argue that Plaintiff's claim is barred by the Heck doctrine or, in the alternative, they are entitled to qualified immunity. For the reasons that follow, it is recommended that the motion for summary judgment be granted based on the Heck doctrine.

**Relevant Facts**

Plaintiff has one federal conviction and has experienced multiple criminal proceedings in state court in recent years. He has filed a complaint (Doc. 1), an amended

complaint (Doc. 6), an addendum (Doc. 7), an Exhibit (Doc. 12), and another document (Doc. 52) that attempt to explain his sentencing history and his claim that a sentence was miscalculated. Defendants have filed a motion for summary judgment that is accompanied by lengthy DOC records and a sworn declaration from a DOC classification officer. Despite all of that paper, it is still no simple task to determine with any certainty how the sentence was calculated and served.

The relevant events began when Plaintiff was indicted in this federal court with possession of a firearm by a convicted felon. U.S. v. Jessie Ray Williams, 10-cr-00174. Plaintiff alleges that he was arrested on the federal charge in June 2010 and then released on bond. The federal docket sheet supports those allegations.

While out on bond, Plaintiff was arrested by state officials in July 2010 on a simple burglary charge. It appears that Plaintiff was unable to post bail on the state charge. He remained in a Bossier Parish jail through the resolution of his federal charge. The federal charge was resolved when Plaintiff entered a guilty plea in October 2010, and Judge Walter sentenced Plaintiff in February 2011 to serve 60 months in prison plus three years of supervised release.

Plaintiff, apparently in connection with his July 2010 arrest by state officials, was billed in state court in August 2010 with several counts of burglary. He entered into a plea bargain in September 2012, pursuant to which he pleaded guilty to one count of simple burglary. He was sentenced to eight years at hard labor, with the sentence to run consecutive to any other state sentence but concurrent with any federal sentence. It is the calculation of this burglary sentence and related credits that is at the center of this lawsuit.

Plaintiff was soon sent to David Wade Correctional Center to begin serving the eight-year state sentence. He began filing various motions with the federal court aimed at ensuring that he was receiving proper credit against his 60-month federal sentence. Judge Walter entered an order in March 2013 that ordered the "federal sentence run concurrent with his subsequently imposed state sentence." He also recommended "that the Louisiana state prison in which defendant is currently serving his state sentence be designated as the place of confinement for service of the defendant's federal sentence." Plaintiff filed a number of other motions in federal court directed at adjusting his federal sentence or its calculation, but they were denied. It does not appear that he complains in this action about the calculation of the federal sentence.

Plaintiff was serving his sentence at David Wade in 2013 when he became eligible for good time parole supervision on his burglary sentence. He was, however, still subject to serving additional time on his federal sentence. Accordingly, on October 17, 2013, he was released to a federal detainer and transferred to a Bossier Parish Jail, where he stayed until he was released on February 27, 2015. It appears that, by that time, he had served enough time to satisfy the custody requirement of his federal sentence. Records indicate that he was released on state good time parole, and it appears he was also subject to federal supervised release conditions.

Plaintiff later violated the terms of his supervised release. Judge Walter revoked Plaintiff's supervised release in 2017. He sentenced Plaintiff to time served, with a stipulation of no additional term of supervised release. That appears to have completed the federal sentence.

Brenda Acklin, a DOC classifications officer, offers a declaration in support of the motion for summary judgment. She sets forth Plaintiff's sentencing history, including his various releases and when credit was or was not earned. Ms. Acklin states that when Plaintiff was released from state custody on good time parole (but subject to the federal detainer) in October 2013 he had a full term date of November 4, 2018. A full term date, she explains, is the date that an offender would satisfy his state sentence. That date was affected, however, when a parole warrant issued for Plaintiff on June 10, 2016. Ms. Acklin states that Plaintiff stopped earning credit toward his state sentence from the time the warrant issued until he was arrested on September 2, 2016. Plaintiff's parole was revoked the day of his arrest, and he remained in custody until he was again released to a federal detainer on May 8, 2017, once again on good time parole supervision. Later that year, in September 2017, Plaintiff's federal supervised release was revoked and terminated as described above.

Ms. Acklin explains that when Plaintiff was released on May 8, 2017, his full term date on his state sentence was January 25, 2019. The date changed (from the earlier full term date of November 4, 2018) because of the 84-day gap between issuance of the parole warrant and Plaintiff's eventual arrest on that warrant. Plaintiff's parole was revoked on December 4, 2018 based on a new felony conviction in Bossier Parish for simple burglary. The sentence on that new conviction was ordered to run consecutive to the parole balance owed under the original burglary conviction. Plaintiff was released on good time parole supervision on March 25, 2019, with a full term date of April 14, 2021. Ms. Acklin adds

that Plaintiff earned "street time" or day-for-day credit against his state sentence while he was considered in federal custody.

Plaintiff filed this civil action in May 2018, before his new burglary conviction and sentence began. His complaint in this action originally complained that the State DOC did not properly run his sentence concurrently with his federal sentence as ordered by the trial judge. He asked that the mistake on his record be corrected and that he be awarded restitution for each day he was unlawfully detained. In a later filing (Doc. 7), Plaintiff alleged that the violation of his rights occurred when, "I didn't begin my federal sentence until over two and one half years after I received my sentence." He alleged that this was the fault of officials at the Bossier jail "who neglected to send me to a federal institution once sentenced." Plaintiff asserted in his amended complaint (Doc. 6) that his release date was calculated for January 2019 when it should have been July 29, 2018. Plaintiff alleged that, as of that writing, he had been held more than two months beyond his correct release date. He asked the court to secure his liberty and award compensation.

Plaintiff has continued to participate in the criminal justice system. His changes of address indicate that he was released for a time during the pendency of this case. But he recently confirmed that he is again in a Bossier Parish jail. He has complained that the alleged miscalculations have made it more difficult to bond out of jail on more recent charges.

**Analysis**

Defendants invoke the rule that a claim under 42 U.S.C. § 1983, to the extent a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

or sentence, is generally precluded by Heck v. Humphrey, 114 S.Ct. 2364 (1994). A plaintiff is not allowed to seek Section 1983 relief on a challenge to his conviction or sentence unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 114 S.Ct. at 2372. "Thus, when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. If an individual wants to challenge a conviction or sentence, the proper avenue for relief is criminal appeal, postconviction application, or other authorized collateral challenge—not an end-run through Section 1983.

It may be that the sentence Plaintiff complains about has been completely served by this time. But Heck applies whether Plaintiff is complaining about a sentence he is still serving or one he has completed. In the Fifth Circuit, Heck applies even to prisoners who are no longer in custody and are no longer eligible for habeas relief. Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000); Black v. Hathaway, 616 Fed. Appx. 650, 653 (5th Cir. 2015).

In Randell, the plaintiff sought damages on a claim that he was not given proper sentence credit and served extra time. His claim was held to be barred by Heck even though he was no longer in custody and thus could not file a habeas petition. Not every circuit

agrees with the Randell approach when the plaintiff is no longer in custody, but it is still applied in this circuit. Black, 616 Fed. Appx. at 653 n. 28; Thomas v. Louisiana, Dep't of Soc. Servs., 406 Fed. Appx. 890, 898 n. 5 (5th Cir. 2010); Bryant v. Louisiana Dep't of Pub. Safety & Corr., 2019 WL 5538054 (E.D. La. 2019). See also Ahmadi v. Davis, 806 Fed. Appx. 329 (5th Cir. 2020) (affirming Heck dismissal of claim where plaintiff "sought damages based on an allegedly unlawful period of confinement and an incorrect calculation of his date of discharge.").

Plaintiff asks for a correction of his record, which is injunctive relief, as well as restitution or damages for any excess time he served. The Heck principles apply to both forms of relief. Summers v. Eidson, 206 Fed. Appx. 321 (5th Cir. 2006) (Heck "applies to injunctive as well as monetary relief"); Shaw v. Harris, 116 Fed. Appx. 499, 500 (5th Cir. 2004) (same).

Heck requires that Plaintiff's Section 1983 claim for damages be dismissed with prejudice to being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996). His claims for injunctive relief should be dismissed without prejudice to the right to present them in an appropriate proceeding. Hunter v. Rodriguez, 73 Fed. Appx. 768, 770 (5th Cir. 2003). All of Plaintiff's Section 1983 claims are barred by Heck, so the court need not reach the defendants' alternative argument of entitlement to qualified immunity. Connors v. Graves, 538 F.3d 373, 378 (5th Cir. 2008).

Accordingly,

It is recommended that Defendants' Motion for Summary Judgment (Doc. 45) be granted and that Plaintiff's civil rights claims for damages be dismissed with prejudice to

being asserted again until such time as the Heck conditions are met. It is further recommended that his claims for injunctive relief be dismissed without prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of July, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge